**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUHAI ZHANG, | No. 15-72175 |
| Petitioner, | Agency No. A088-323-254 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2018**
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and ADELMAN, District Judge.***

Yuhai Zhang, a native and citizen of China, petitions for review of an order

of the Board of Immigration Appeals adopting and affirming the decision of an

immigration judge (IJ) denying his application for asylum and withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

removal. The IJ found that Zhang lacked credibility as a witness, citing inconsistent testimony and a lack of candor, and that he failed to provide reasonably available evidence to corroborate his claims.

Substantial evidence supports the IJ's adverse credibility determination. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184–85 (9th Cir. 2016). Zhang offered inconsistent testimony on several topics, including when he and his wife first joined a house church in China and his alleged abuse while in custody there, and he repeatedly failed to persuasively reconcile his testimonial inconsistencies when the IJ invited him to do so.

Further, substantial evidence supports the agency's finding that Zhang failed to provide corroborating evidence from his daughter, who had personal knowledge of the basis for his claims and could have either testified before the IJ or provided a written statement. Zhang argues that the IJ denied him notice of the need for corroborating evidence and an opportunity to present it, but Zhang was not entitled to such notice and opportunity because his testimony was not "otherwise credible." *Ren v. Holder*, 648 F.3d 1079, 1091 (9th Cir. 2011); *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). And in any event, the IJ gave Zhang sufficient notice of the need for corroborating evidence.

For the foregoing reasons, the petition for review is **DENIED**.